J-A03013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN MARK HAGENS | : | |
| | : | |
| Appellant | : | No. 152 MDA 2019 |

Appeal from the PCRA Order Entered December 13, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000111-2014,
CP-36-CR-0000114-2014

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 7, 2021**

Kevin Mark Hagens (Appellant) appeals *pro se* from the order that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

This Court previously summarized the procedural history and facts as follows:

> At docket number CP–36–CR–0000111–2014 (111–2014), Appellant was charged with involuntary deviate sexual intercourse (IDSI), unlawful contact with a minor, and corruption of minors for acts committed upon O.H., born in February 2007.  At docket number CP–36–CR–0000114–2014 (114–2014), Appellant was charged with indecent assault, unlawful contact with a minor, and corruption of minors for acts committed upon A.K., born in February 2002.[FN] 1
>
> > [FN] 1 On January 23, 2014, the Commonwealth filed a notice to consolidate the cases for trial pursuant to Pa.R.Crim.P. 582(B)(1).

On November 4, 2013, the Commonwealth filed a motion to permit testimony by O.H. and A.K. by contemporaneous alternative method pursuant to 42 Pa.C.S. § 5985. The Commonwealth subsequently filed two petitions to admit testimony under the tender years hearsay exception, 42 Pa.C.S. § 5985.1, and the court held hearings on the petitions on December 1, 2014, and January 20, 2015. Relevant to this appeal, the court allowed, *inter alia*, the admission of certain hearsay statements made by O.H. to S.P. as substantive evidence at trial.

A jury trial was held from January 28–30, 2015, after which Appellant was found guilty of all charges. He was sentenced to an aggregate term of 18 to 36 years of imprisonment. Specifically, at docket number 111–2014, Appellant was sentenced to concurrent terms of imprisonment of 16 to 32 years on the charges of IDSI and unlawful contact with a minor, as well as a concurrent term of imprisonment of two to four years for the corruption-of-minors charge. At docket number 114–2014, Appellant was sentenced to concurrent terms of imprisonment of two to four years for the charges of indecent assault, unlawful contact with minors, and corruption of minors. The aggregate sentences imposed at each docket number were to be served consecutively to one another, for a total aggregate sentence of 18 to 36 years of imprisonment.[FN] 2

> [FN] 2 Appellant was ordered to undergo an evaluation by the Sexual Offenders Assessment Board (SOAB) pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10–9799.41. According to the trial court,
>
>> On April 8, 2015, the Office of the District Attorney received the evaluation conducted by the SOAB[, which] determined that Appellant did not meet the criteria of a [sexually violent predator (SVP)]. With this recommendation, the District Attorney's Office notified the [c]ourt on April 8, 2015, that it would not be filing a praecipe for an SVP hearing. Accordingly, the case was scheduled for sentencing.
>
> Trial Court Opinion, 8/3/2015, at 3 (citation omitted).

> On May 13, 2015, Appellant filed post-sentence motions, which the trial court denied on June 2, 2015. Appellant then filed timely a notice of appeal to this Court.

*Commonwealth v. Hagens*, 1156 MDA 2015, at *1 (Pa. Super. May 13, 2016) (unpublished memorandum). This Court affirmed Appellant's judgment of sentence, and on November 1, 2016, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *See Commonwealth v. Hagens*, 160 A.3d 779 (Pa. 2016) (Table). Appellant did not file a writ of *certiorari* with the United States Supreme Court.

On October 31, 2017, Appellant filed the instant *pro se* timely PCRA petition. The PCRA court appointed counsel on November 6, 2017. After reviewing the record, PCRA counsel filed a *Turner/Finley*[1] no-merit letter and petition to withdraw as counsel, concluding that the PCRA petition did not present any issues of arguable merit and was frivolous. On August 7, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pennsylvania Rule of Criminal Procedure 907. After seeking an extension of time to file an amended petition, which the PCRA court granted, Appellant *pro se* filed an amended petition on October 24, 2018. In his amended petition, Appellant raised an additional claim in which he asserted that PCRA was ineffective.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On December 13, 2018, the PCRA court dismissed Appellant's petition without a hearing and granted PCRA counsel's petition to withdraw. On January 14, 2019, Appellant filed a single notice of appeal listing both trial court docket numbers.[2] Because Appellant did not file separate notices of appeal and because the order dismissing his petition affected claims arising at multiple trial court dockets, our authority to exercise jurisdiction is governed by our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).[3] Accordingly, before we consider Appellant's claims, we must first determine whether this appeal is properly before us.[4]

As this Court previously explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a) . . . ." [**Walker**, 185 A.3d at 976]. The Official Note now reads:

---

[2] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court directs us to its opinion filed on December 13, 2018. PCRA Court Order, 1/22/19.

[3] On February 15, 2019, this Court issued a rule to show cause directing Appellant to address whether his notice of appeal listing both trial court docket numbers violated **Walker**. Appellant filed a response on February 27, 2019. This Court discharged the rule to show cause and referred the issue to this panel.

[4] On April 6, 2020, this Court dismissed Appellant's appeal due to his failure to file a brief. On May 4, 2020, Appellant filed an application to reinstate his appeal, explaining that his failure to file a brief was due to the coronavirus pandemic. This Court granted his request on May 8, 2020.

- 4 -

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

> In ***Walker***, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.***

***Commonwealth v. Williams***, 206 A.3d 573, 575-76 (Pa. Super. 2019) (emphasis omitted). Because Appellant filed his notice of appeal on January 14, 2019, the rule announced in ***Walker*** governs. As stated above, Appellant filed a single notice of appeal listing two docket numbers, rather than two separate notices of appeal at each trial court docket. As such, Appellant violated our Supreme Court's mandate in ***Walker*** and this appeal is subject to quashal.

- 5 -

However, in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court declined to quash an appeal listing two docket numbers because the trial court misinformed the defendant that he could file a single notice of appeal. We determined that the trial court's failure to properly advise the defendant of his appellate rights amounted to a "breakdown in the court system," and therefore excused his failure to comply with **Walker**. **Stansbury**, 219 A.3d at 160. The holding was recently affirmed by an *en banc* panel of this Court. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (concluding trial court's order informing Larkin he had "[30] days from the date of [the] order to file **an** appeal" was breakdown in the court system and excused non-compliance with **Walker**) (emphasis in original). Thus, based upon both **Stansbury** and **Larkin**, "we may overlook the requirements of **Walker** where [] a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights."

Here, our review of the record reveals a scenario which potentially misled Appellant about the requirement to file separate notices of appeal. The PCRA court's order states Appellant "has the right to appeal from this Order. [Appellant] shall have 30 days from the date of this final Order to appeal to the Superior Court of Pennsylvania. Failure to appeal within 30 days will result in the loss of appellate rights." PCRA Court Order, 12/13/18. Notably, the court did not advise Appellant of the requirement to file separate notices of

appeal at each docket number as required by **Walker**. **See Stansbury**, 219 A.3d at 160. In light of the PCRA court's failure to articulate the requirement, we conclude that a breakdown occurred. Accordingly, we decline to quash this appeal.

We next consider whether the PCRA court correctly denied Appellant's petition without a hearing. Our standard of review is well-settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

**Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting **Commonwealth v. Perry**, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

On appeal, Appellant raises the following issues for our review:

> INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF [APPELLANT'S] RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE CORRESPONDING PROVISIONS OF THE PENNSYLVANIA CONSTITUTION, ARTICLE 1, § 9, TRIAL COUNSEL FAILED TO OBTAIN A FORENSIC PSYCHOLOGIST, GYNECOLOGIST, AND/OR PEDIATRIC GYNECOLOGIST.
>
> INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN FAILURE TO CONDUCT A REASONABLE PRE-TRIAL INVESTIGATION. THIS VIOLATED [APPELLANT'S] RIGHT TO COUNSEL, AS GUARANTEED

BY THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, § 9 OF THE PENNSYLVANIA CONSTITUTION.

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INEFFECTIVENESS ON DIRECT APPEAL IN NOT SECURING A MERITORIOUS CLAIM DURING VIRE [*sic*] DIRE PROCESS.

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INEFFECTIVENSS ON DIRECT APPEAL IN NOT RAISING A MERITORIOUS CLAIM UNDER AN ILLEGAL SENTENCE "A VIOLATION OF THE CONSTITUTION OF PENNSYLVANIA OR LAWS OF THIS COMMONWEALTH OR THE CONSTITUTION OF THE UNITED STATES."

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INEFFECTIVENESS ON DIRECT APPEAL[. TRIAL COUNSEL FAILED TO OBJECT TO ALLEGED HEARSAY STATEMENTS MADE DURING APPELLANT'S PRELIMINARY HEARING.]

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INEFFECTIVENESS ON DIRECT APPEAL[. THE TRIAL COURT ERRED IN THREATENING APPELLANT TO ACCEPT A PLEA OFFER.]

INITIAL POST-CONVICTION COUNSEL HEATHER L. ADAMS, ESQ., FAILED TO ADEQUATELY REVIEW THE ENTIRE RECORD AND RAISE MERITORIOUS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND APPELLATE COUNSEL [*sic*] CLAIMS VIOLATING [APPELLANT]'S STATE AND FEDERAL DUE PROCESS RIGHTS.

Appellant's Brief at 1-2.

All of these issues challenge the effectiveness of counsel. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable

basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining "appellants continue to bear the burden of pleading and proving each of the *Pierce* elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

In his first issue, Appellant asserts trial counsel was ineffective for failing to hire an expert in psychology, gynecology and/or pediatric gynecology to testify at trial. Appellant sought the testimony of an expert witness to challenge the victims' credibility, and: 1) "explain to the jury the alleged victim(s) up bringing and state of mind"; 2) testify at sentencing and on appeal for mitigation purposes; and 3) refute the Commonwealth's expert witness. Appellant's Brief at 4-5. Appellant acknowledges, however, "even though some of the information that may be discovered may be inadmissible, there is always the possibility that crucial information may be found which

would have destroyed the alleged victim(s) credibility when she testifies." *Id.* at 4.

"Where a claim is made of counsel's ineffectiveness for failing to call witnesses, it is the appellant's burden to show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice to the appellant." **Commonwealth v. Wayne**, 720 A.2d 456, 470 (Pa. 1998). "The mere failure to obtain an expert rebuttal witness is not ineffectiveness. Appellant must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause." *Id.* at 470–71. "Trial counsel need not introduce expert testimony on his client's behalf if he is able effectively to cross-examine prosecution witnesses and elicit helpful testimony. Additionally, trial counsel will not be deemed ineffective for failing to call a medical, forensic, or scientific expert merely to critically evaluate expert testimony [that] was presented by the prosecution. Thus, the question becomes whether or not [defense counsel] effectively cross-examined [the Commonwealth's expert witness]." *Commonwealth v. Marinelli*, 810 A.2d 1257, 1269 (Pa. 2002).

Here, Appellant has not identified an expert witness who could have testified on his behalf or indicated how that expert's testimony would have been helpful to his case. Further, Appellant admits the evidence he seeks to obtain from an expert witness may not be admissible at trial. Without identifying an expert witness who was available to testify, and because the

evidence Appellant seeks to introduce would likely have been inadmissible, the PCRA court correctly determined that Appellant's claim of ineffective assistance of counsel regarding trial counsel's failure to present an expert witness is without merit.

In his second issue, Appellant argues trial counsel was ineffective for failing to subpoena potential character witnesses "who would have refuted the testimony of the alleged victim(s) and the Commonwealth's witnesses." Appellant's Brief at 7. Appellant claims:

> [C]ounsel made no attempt to interview any potential witnesses for the [Appellant] as he relied solely on trial counsel to utilize such avenues but instead never contacted the [Appellant] for such information when he was on bail. Clearly, failing to conduct pre-trial investigation or interviewing witnesses was ineffective assistance of counsel.

*Id*.

Evidence of a defendant's character in a sexual assault case is "limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." *Commonwealth v. Radecki*, 180 A.3d 441, 454 (Pa. Super. 2018); *see also* PCRA Court Opinion, 12/13/18, at 14.

The PCRA court explained:

> [Appellant] included in his PCRA petition the affidavits of 11 friends and family members whom he claims could have been character witnesses at trial. The proffered testimony includes such statements as "works hard," "loves the Lord," "very talented," "was engaging with his children," "always there with a

- 11 -

helping hand," "kind, caring father," "has been around my children from day one," "very trust worthy," "a man of integrity when dealing with children," and "a good example to me." Unfortunately, this proffered character testimony would have been inadmissible as it does not relate to general reputation in the community with regard to such traits as non-violence, peaceableness, good moral character, chastity, and disposition to observe good order. These family members and friends are offering evidence of specific acts or their own personal opinions of [Appellant] rather than the community's opinion of [Appellant]. *See [Commonwealth v.] Johnson*, [27 A.3d 244, 248 (Pa. Super. 2011)] (holding counsel was not ineffective for failing to call character witnesses where the proposed testimony by the defendant's siblings, nieces, nephew, and best friend was not proper character evidence of defendant's reputation for chastity in the community, as necessary for admission in prosecution for sexual offenses involving neighbors' five-year-old daughter, where proposed witnesses opined that defendant always acted appropriately around children in his family); *Commonwealth v. Van Horn*, 797 A.2d 983, 987-88 (Pa. Super. 2002) (holding counsel was not ineffective for failing to call character witnesses where "the relatives' own experience with [the defendant] and their perceived relationship between [the defendant] and the victim is not testimony regarding [the defendant's] general reputation in the community").

PCRA Court Opinion, 12/13/18, at 14-15.

The PCRA court found Appellant failed to establish that the testimony of any of his proposed witnesses would have met the *Radecki* criteria. *Id.* Accordingly, counsel was not ineffective for failing to subpoena these proposed witnesses, and the PCRA court did not err in rejecting this ineffective assistance of counsel claim.

We address Appellant's third, fourth, fifth and sixth issues as one overarching claim of appellate counsel's ineffectiveness, based on appellate counsel's failure to raise trial counsel's ineffectiveness on direct appeal. Our Supreme Court has made clear that ineffectiveness claims are not to be raised

- 12 -

in the first instance on direct appeal but must await collateral review. ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002). An exception to this rule exists where the trial court has held a hearing on a claim of trial counsel's ineffectiveness and the record has been fully developed on the issue. ***Commonwealth v. Bomar***, 826 A.2d 831 (Pa. 2003). Here, Appellant did not raise trial counsel's ineffectiveness at the trial level; he raised trial counsel's alleged ineffectiveness for the first time in his PCRA petition. Therefore, appellate counsel could not have raised the issue on direct appeal, and cannot be ineffective for failing to do so. Accordingly, Appellant's third, fourth, fifth, and sixth issues lack merit.[5]

In his seventh and final issue, Appellant argues that PCRA counsel was ineffective for failing to raise various allegations of ineffective assistance of counsel on the part of both trial counsel and direct appeal counsel. Specifically, Appellant alleges that instead of filing a ***Turner/Finley*** no-merit letter, PCRA counsel should have argued trial counsel was ineffective for failing to: 1) hire a private investigator to "locate and investigate the alleged victim(s) . . . biological father . . . who was a main suspect of sexually assaulting his daughters"; 2) obtain a forensic gynecologist and/or pediatric gynecologist to combat the testimony of the Commonwealth's expert gynecologist who testified at trial; 3) obtain affidavits from trial counsel

---

[5] Even if these claims were properly framed as ineffective assistance of trial counsel, we would conclude they are meritless for the reasons discussed by the PCRA court. ***See*** PCRA Court Opinion, 12/13/18, at 16-20.

- 13 -

stating that counsel failed to inform Appellant of his right to testify on his own behalf at trial; 4) interview trial counsel to discern why counsel failed to present character witnesses at trial; 5) interview trial counsel "as to his ineffectiveness of allowing one of the alleged victims to mischievously smile while testifying in regards to being allegedly sexually assault . . ."; 6) interview appellate counsel and determine whether a reasonable basis existed for not informing Appellant of his right to file a writ of *certiorari* with the United States Supreme Court after the Supreme Court of Pennsylvania denied his petition for allowance of appeal; 7) challenge the alleged discrepancies in the victim's allegations against Appellant; 8) investigate Appellant's "principle overview" filed in his *pro se* PCRA petition and file an amended PCRA petition on Appellant's behalf; 9) review pre-trial discovery; and 10) request discovery from the Commonwealth. Appellant's Brief at 19-21.

Our Supreme Court has set forth the proper framework for alleging a layered ineffective assistance of counsel claim in the context of the PCRA:

> Succinctly stated, a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument, in briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as to each relevant layer of representation . . . . [T]his means that the arguable merit prong of the [ineffectiveness] test as to the claim that appellate counsel was ineffective in not raising trial counsel's ineffectiveness consists of the application of the three-prong [ineffectiveness] test to the underlying claim of trial counsel's ineffectiveness. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three

prongs as to the claim of trial counsel's ineffectiveness are established, do prongs 2 and 3 of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong 2) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong 3).

*Commonwealth v. Reid*, 99 A.3d 470, 482 (Pa. 2014) (quoting

*Commonwealth v. McGill*, 832 A.2d 1014, 1023 (Pa. 2003)).

Contrary to settled law, Appellant has failed to "present argument . . . in his brief[] . . . on the three prongs" of the ineffectiveness test as to each level of representation. *See id.* A determination that trial counsel rendered ineffective assistance is a prerequisite to a finding that subsequent counsel was ineffective; there were no such findings in this case. Thus, this issue lacks merit.

Based on the foregoing, we discern no error in the PCRA court's dismissal of Appellant's petition asserting ineffectiveness of trial, appellate, and PCRA counsel. We therefore affirm the December 13, 2018 order.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/07/2021